IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles Johnson,  Case No. 1:17 CV 311

    Petitioner,  MEMORANDUM OPINION
AND ORDER

    v.

    JUDGE JACK ZOUHARY

David Marquis,

    Respondent.

## INTRODUCTION

Petitioner *pro se* Charles Johnson filed this Petiton for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Johnson is incarcerated at the Richland Correctional Institution, having been convicted in the Richland County Court of Common Pleas on one count of felonious assault and one count of aggravated burglary. He was sentenced on September 16, 2015 to an aggregate term of fourteen years in prison. In his Petition, he asserts: (1) his conviction for aggravated burglary was not supported by sufficient evidence; and (2) aggravated burglary and felonious assault are allied offenses of similar import and should have been merged for sentencing. He seeks a conditional writ requiring the state to merge the two charges and then impose a new sentence.

## BACKGROUND

The following facts are taken from the opinion in Johnson's state-court appeal. *State v. Johnson*, 2016 WL 2853505 (Ohio Ct. App. 2016).

Johnson was married to Amanda Hatfield. In November 2014, Hatfield moved out of their home because Johnson had become romantically involved with Stephanie Carter. Hatfield sometimes stayed with her mom and sometimes stayed with Russell Breinich, II, who lived in a home Hatfield purchased several years earlier when she and Breinich were dating. In March 2015, Carter moved in with Johnson.

During the afternoon of April 24, 2015, Johnson and Carter went to visit Breinich, who was also Johnson's friend. Hatfield was there, and the group hung out at the home until about 6 PM. Johnson and Carter then went to visit another friend while Hatfield and Breinich went to a local bar. Johnson and Carter arrived at the same bar at about 8 PM. Breinich and Hatfield finished their beers and went home. Before going to bed, Breinich wedged a wooden board against the front door because the door did not lock from the inside.

Sometime before 10:30 PM, Johnson and Carter stopped by Breinich's house, purportedly to see if he wanted to have a few drinks. As Carter sat in the truck, she saw Johnson knock at both the front door and a side door that led to a carport. Hatfield, hearing the pounding at the door, woke up Breinich. Johnson then kicked open the front door, punched Breinich in the face, and knocked him unconscious. He proceeded to straddle Breinich and continued punching him in the head while yelling, "Do you like [having intercourse with] my wife?" Hatfield jumped on Johnson's back and attempted to pull him off Breinich, while Carter ran from the truck, screaming at Johnson to stop.

Johnson climbed off Breinich and drove to his friend Chris Smith's house. Carter chose to walk to Smith's house, rather than ride in the truck with Johnson. At Smith's house, Johnson washed his hands and face, took off his blood-stained sweatshirt, and then asked someone at the home to get rid of the sweatshirt. He and Carter then drove to their home.

2

Breinich was taken to a local hospital, where he was intubated because he was choking on his own blood. He was then life-flighted to Grant Medical Center in Columbus. His injuries included multiple facial fractures, brain damage, and damage to his left eye, left ear, trachea, and teeth. He spent five days in intensive care and another twenty-three days in the trauma unit. He was then transferred to the Dodd Rehabilitation Center where he spent an additional fourteen days. Breinich had several surgeries and needed additional dental, eye, and ear surgeries. He also continued to suffer memory loss and required constant supervision from his parents.

Johnson was indicted by the Richland County Grand Jury on charges of felonious assault and aggravated burglary. He was convicted by a jury on both charges, and he was sentenced in September 2015 to eight years incarceration for felonious assault and six years incarceration for aggravated burglary, to be served consecutively.

Johnson filed a timely appeal to the Ohio Fifth District Court of Appeals. He asserted a single assignment of error, alleging that he was prejudiced by the cumulative effect of his trial counsel's deficient representation. Specifically, he argued that his trial counsel was ineffective by failing to make an opening statement, failing to object to the state's failure to lay a proper foundation for the admission of photographs, and conceding in his closing statement that Johnson was guilty of felonious assault. The appellate court determined his trial counsel was not ineffective and affirmed the conviction in May 2016. Johnson did not appeal that decision to the Ohio Supreme Court.

Johnson then applied to reopen his appeal under Ohio Appellate Rule 26(B). He asserted that his appellate counsel was ineffective for failing to raise on appeal that the judgment convicting him of aggravated burglary was not supported by sufficient evidence, as well as failing to argue that aggravated burglary and felonious assault were allied offenses of similar import. The appellate court

3

determined that counsel's performance was not constitutionally deficient, and it denied the application in September 2016. Johnson then appealed that decision to the Ohio Supreme Court, which declined jurisdiction in December 2016.

## **THIS CASE**

In this Petition for a Writ of Habeas Corpus, Johnson asserts two grounds for relief (Doc. 1 at 4, 6):

1. Johnson's conviction for aggravated burglary is not supported by sufficient evidence to establish the elements of that charge as required by the Sixth and Fourteenth Amendments to the United States constitution, and Article One, section ten of the Ohio Constitution.

2. Petitioner's convictions for aggravated burglary and felonious assault violated the constitutional protection against double jeopardy under the Fifth and Fourteenth Amendments to the United States Constitution when the trial court failed to merge his sentences for those charges.

In support of his first ground, he argues the crime of burglary requires proof he trespassed in an occupied structure with the purpose to commit a criminal offense therein. He contends he was with the victim earlier in the day with no apparent problems, and no evidence was presented at trial suggesting he entered the home with the intention of committing felonious assault against the victim. In support of his second ground, he claims offenses are allied when it is possible to commit both offenses with the same conduct. He argues that because felonious assault was an element the State needed to prove to support the burglary conviction, the offenses are allied and should have been merged for sentencing. He requests a conditional writ ordering the State to re-sentence him based on merged offenses.

**PROCEDURAL BARRIERS TO HABEAS REVIEW**

Before a federal court will review the merits of a petition for a Writ of Habeas Corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). The claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The doctrine of procedural default also limits access to federal court review of the merits of a constitutional claim. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal Petition." *Id*. at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, where state court remedies are no longer available, procedural default applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the Petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a Petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d

at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999)); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal Habeas Corpus Petition."); *State v. Moreland*, 50 Ohio St.3d 58, 62 (1990) (failure to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal Habeas Petition, state law no longer allows the Petitioner to raise the claim, the claim is procedurally defaulted." *Williams,* 460 F.3d at 806. And while the exhaustion requirement is technically satisfied in that situation, because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 749–50. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts or because they were not properly presented to the state courts, are generally not cognizable on federal habeas review.

## DISCUSSION

Johnson's two grounds for habeas relief are procedurally defaulted. He challenges the sufficiency of the evidence on the aggravated burglary charge, and he asserts that his two charges are allied offenses of similar import which should have been merged for sentencing. These claims should have been presented, but were not, on direct appeal of Johnson's conviction.

Johnson attempted to reopen his direct appeal under Ohio Appellate Rule 26(B), but reopening is available only to assert ineffective assistance of appellate counsel claims. He claimed his appellate counsel was ineffective for failing to raise these two claims on direct appeal, but the appellate court rejected those arguments. Because claims of ineffective assistance of appellate counsel are based on a different legal theory from the underlying claims, the Rule 26(B) application does not preserve the underlying claims from default for purposes of habeas review. *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005). Indeed, a habeas petitioner cannot "resurrect" a completely defaulted claim by raising it for the first time in a 26(B) application, unless the court of appeals grants the application and reopens the judgment. That did not happen here.

Nevertheless, Johnson may obtain a merits review of his claims if he can demonstrate cause for the default and prejudice that resulted from it or if he can demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Lundgren*, 440 F.3d at 763. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, the petitioner must demonstrate that the constitutional error "worked to his actual and

substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Sixth Circuit has held that cause to excuse the procedural default of a habeas claim may exist if a petitioner's appellate counsel was constitutionally ineffective in failing to raise the issue. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004); *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Berry v. Warden, Southern Ohio Correctional Facility*, 2016 WL 4177174, at *3 (N.D. Ohio 2016). But in order for a petitioner's claim of ineffective assistance of counsel to serve as cause to overcome a procedural default, the petitioner must have presented that claim to the state courts as an independent claim, that is, the ineffective assistance of counsel claim must not itself have been procedurally defaulted. *Dixon v. Hudson*, 2008 WL 540905, at *5 (N.D. Ohio 2008) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

In this case, Johnson did claim in the Ohio appellate court that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to his burglary conviction and for failing to argue that his aggravated burglary and felonious assault were allied offenses of similar import requiring merger for sentencing. The appellate court considered the claims on their merits, and it determined that Johnson's appellate counsel was not constitutionally ineffective. He appealed that decision to the Supreme Court of Ohio, who declined to accept jurisdiction. Thus, he properly exhausted his ineffective assistance of appellate counsel claims.

But a petitioner cannot show his appellate counsel was ineffective for failing to raise a claim on appeal if the underlying claim itself lacks merit. *See Moore*, 708 F.3d at 776; *Berry*, 2016 WL 4177174 at *3. And, if a state court rejects an ineffective assistance of appellate counsel claim on the

9

merits, a petitioner's default may not be excused on the basis of appellate counsel's failure to raise the underlying claim on direct appeal, unless the state court unreasonably applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Moore*, 708 F.3d at 777–78 ("Moore cannot show ineffective assistance of his appellate counsel for failing to raise the issue on appeal because the underlying claim lacks merit . . . [and] [t]he state court did not unreasonably apply Strickland in so holding.").

A state court's adjudication only results in an "unreasonable application" of clearly established federal law when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Otte v. Houk*, 654 F.3d 594, 599–600 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (quoting *Williams,* 529 U.S. at 413). The petitioner must establish the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). This bar is difficult to meet because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979) (Stevens, J., concurring in judgment))).

In this case, the Ohio appellate court identified *Strickland* as the standard for assessing Johnson's ineffective assistance of appellate counsel claims, requiring him to demonstrate both that his counsel's performance was deficient and that the alleged ineffective assistance caused him

prejudice. *Strickland*, 466 U.S. at 687. Thus, in order for Johnson to avoid procedural default based on ineffective assistance of appellate counsel, the appellate court's ruling must be an unreasonable application of the *Strickland* standard, which it is not.

With respect to Johnson's first claim, the Ohio Appellate Court determined Johnson's appellate counsel was not ineffective for failing to assert his sufficiency of the evidence claim because there was sufficient evidence to support an aggravated burglary conviction. To support that conviction, the State needed to present evidence that Johnson, by force, stealth, or deception, trespassed in an occupied structure when another person was present, with the purpose to commit a criminal offense, and that Johnson inflicted physical harm on another. *State of Ohio v. Johnson*, No. 15CA89 (Ohio App. 5th Dist. Sept. 6, 2016) (citing OHIO REV. CODE § 2911.11). The appellate court held (*Id.* at 2–3):

> The state presented evidence that appellant kicked down the door to a residence occupied by his estranged wife and the victim, and then punched the victim, knocking him unconscious. He continued to beat the victim for several minutes. The State presented photographs of both the door and the victim's injuries. Appellant has not demonstrated a reasonable probability that had appellate counsel challenged the sufficiency of the evidence supporting the aggravated burglary conviction, we would have found the evidence insufficient.

The Ohio appellate court also determined that Johnson's counsel was not ineffective for failing to assert that aggravated burglary and felonious assault were allied offenses of similar import. The court held (*Id.* at 3):

> The only injury necessary to complete the crime of aggravated burglary, i.e. forcibly entering the residence while inflicting physical harm, was the initial punch that knocked the victim unconscious. The crime of aggravated burglary was complete at this point. However, appellant subsequently continued to beat the victim, causing additional serious long-term injuries. The crimes were thus committed separately and with separate animus, and counsel was not ineffective for failing to argue on appeal that the crimes were allied offenses of similar import.

11

The Ohio appellate court's application of established federal law was reasonable under the *Strickland* standard. Because the state court reasonably determined Johnson's counsel was not ineffective for failing to assert these two claims on appeal, Johnson has not established the cause requirement to overcome default.

In addition, the Ohio appellate court rejected both underlying claims on the merits. Thus, even if Johnson's appellate counsel had raised them on direct appeal, they would have been rejected. Johnson therefore cannot establish the prejudice requirement.

Finally, Johnson does not, and cannot plausibly, claim he is actually innocent of the underlying convictions. Thus, there is no suggestion that a fundamental miscarriage of justice occurred as a result of the procedural default.

## CONCLUSION

For the reasons stated above, the Petition is denied and this action is dismissed under Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court certifies, under 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 30, 2017